UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALEXANDER YAROMICH, | : | CIVIL ACTION NO. **1:CV-12-2134** |
|---|---|---|
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| H.L. HUFFORD, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On October 25, 2012, Petitioner, Alexander Yaromich, an inmate at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania, filed *pro se*, this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner attached exhibits to his habeas petition. Petitioner paid the required filing fee. Petitioner claimed that the collection of restitution through the Inmate Financial Responsibility Program ("IFRP") violates "Congress' sentencing mandate" and the "plain language of Petitioner's Judgment Order." (*Id.*, pp. 3-4).

On November 14, 2012, the Court issued a Show Cause Order and directed Respondent to respond to the habeas petition. (Doc. 5). On December 4, 2012, Respondent[1] filed a Response to the habeas petition and an Appendix. (Docs. 6, 6-1 and 6-2). Respondent states that Petitioner's petition is now moot because the Bureau of Prisons ("BOP") reviewed Petitioner's restitution obligation and the orders from the sentencing court and placed Petitioner on "no obligation" status and he no longer has to make payments toward his restitution

---

[1]We note that H.L. Hufford, Warden at FCI Schuylkill, was the correct Respondent in this habeas petition since he had custody of Petitioner. *See* 28 U.S.C. § 2242 and §2243.

obligation. (Doc. 6, p. 3). On December 11, 2012, Petitioner filed a Traverse. (Doc. 7). Petitioner agrees that he has been placed on "no obligation" status, however, Petitioner is seeking reimbursement of the restitution deducted through the IFRP from his prison account. We agree with Respondent that federal habeas relief is inappropriate here as the Petitioner's claim for reimbursement does not challenge the validity of his conviction or the fact or length of his sentence. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The record is now clear that Petitioner is no longer under an obligation to make restitution payments thus, we issue this Report and Recommendation and recommend that his habeas petition be dismissed as moot. Since we find that Petitioner's habeas petition is now moot, we will only briefly detail the factual background with respect to Petitioner's present claims.

## II. Factual Background.

Petitioner was sentenced in the United States District Court for the Northern District of Ohio to a six hundred and ten (610) month term of imprisonment followed by a five (5) year term of supervised release. (Doc. 6-1, p. 4, ¶ 4). Petitioner was convicted of armed bank robbery and the use of a firearm in the commission of armed bank robberies. (*Id.*). The Judgment ordered Petitioner to make restitution payments totaling $11, 220.66. (*Id.*). Petitioner has been residing at FCI-Schuylkill since February 27, 2012 where he has been participating in the IFRP making payments toward his restitution since July 16, 2012. (*Id.*, ¶ 5). Petitioner voluntarily signed contracts to participate in IFRP. (*Id.*). Petitioner currently has a restitution balance of $8789.14. (*Id.*, ¶ 6). Petitioner paid $214.69 while housed at FCI-Schuylkill. (*Id.*).

Petitioner's IFRP payments were forwarded to the Clerk's Office for the United States District Court for the Northern District of Ohio. (*Id.*, ¶ 7). Petitioner's restitution obligation was reviewed again by the BOP and Petitioner was placed on a "no obligation" status in which he will not have to make payments toward his restitution obligation. (*Id.*, ¶ 8).

**III. Discussion.**

As mentioned, Respondent states in his Response that Petitioner's petition is now moot because the BOP reviewed Petitioner's restitution obligation and the orders from the sentencing court and placed Petitioner on "no obligation" status and he no longer has to make payments toward his restitution obligation. (Doc. 6). BOP Case Manager at FCI-Schuylkill, Joseph Gudonis, submitted a Declaration confirming that Petitioner has been placed on a "no obligation" status. (Doc. 6-1).

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the Constitution, and that a habeas petition is the remedy for a prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Boykin v. Siena House Gaudenzia Program*, 464 F.Supp.2d 416, 424 (M.D. Pa. 2006)(it is well-settled that prisoners can file a habeas petition to challenge the fact or duration of their confinement or to seek immediate or speedier release)(citing *Preiser*, 411 U.S. at 499).

As stated, we agree with tRespondent that federal habeas relief is inappropriate here as Petitioner's claim does not challenge the validity of his conviction or the fact or length of his sentence. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *Preiser v. Rodriguez*, 411 U.S.

3

475 (1973).

Petitioner's claim is similar to that of the petitioner in the case of *Garcia v. Martinez*, 2009 WL 1619971 (M.D. Pa. June 9, 2009). The petitioner here states a similar claim to that asserted by the petitioner in *Garcia*. In *Garcia*, *supra*, the Honorable Judge Rambo held that a habeas corpus is not an appropriate remedy, stating:

> It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002).
>
> In the instant case, Garcia is challenging his restitution repayment schedule and the imposition of BOP fees and sanctions. He is not seeking speedier or immediate release from custody, nor is he challenging the legality of his present incarceration. Rather, Garcia contends that the BOP's actions affect his conditions of confinement. In these situations, "habeas corpus is not an appropriate or available federal remedy." See *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir.1993) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); see also *Carter v. Martinez*, Civ. No. 3:09-cv-00477, slip op. at 2 (M.D.Pa. Apr. 14, 2009) (Munley, J.) (challenge to restitution payment schedule and BOP sanctions and fees not properly asserted in habeas petition) (Doc.; *Warner v. Martinez*, Civ. No. 4:09-cv-00482, slip op. at 4 (M.D.Pa. Apr. 10, 2009) (Muir, J.) (challenge to amount of IFRP payments does not concern either fact or duration of confinement in prison).

We believe that *Garcia* is directly on point and agree that habeas relief is not appropriate in this matter. Thus, we recommend the petition will be dismissed without prejudice to any right Petitioner may have to seek relief by way of a properly filed civil rights complaint. Because Petitioner's habeas claims are now moot, we shall recommend that Petitioner's habeas petition be dismissed.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition **(Doc. 1)** be dismissed as moot.

                                                      **s/ Thomas M. Blewitt**
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**

**Dated: April 12, 2013**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER YAROMICH, | : | CIVIL ACTION NO. **1:CV-12-2134** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| H.L. HUFFORD, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 12, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                                 <u>s/ Thomas M. Blewitt</u>
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: April 12, 2013**