IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER YAROMICH,** | : | **CIVIL NO. 1:12-CV-2134** |
| **Petitioner** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| **H.L. HUFFORD,** *et al.*, | : | |
| **Respondents** | : | |

# M E M O R A N D U M

Before the court is a report and recommendation of the Magistrate Judge Blewitt (Doc. 8), to whom this matter was referred. Objections to the report and recommendation have been filed by the petitioner, Alexander Yaromich, and the matter is ripe for disposition.

On October 24, 2012, Yaromich, an inmate at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the collection of restitution through the Inmate Financial Responsibility Program ("IFRP") violates "Congress' sentencing mandate" and the "plain language of Petitioner's judgment order." (Doc. 1 at p. 3-4.)

Since the filing of the habeas petition, the Bureau of Prisons reviewed Yaromich's restitution obligation and the orders of the sentencing court. Thereafter, they placed Yaromich on a "no obligation" status so he no longer has to make payments through the IFRP. Respondents claim that Yaromich no longer has a case or controversy and the habeas petition should be dismissed as moot. Respondents also claim that 28 U.S.C. § 2241 is not the appropriate remedy for such a claim.

In the report and recommendation, the magistrate judge opines that the captioned action could be dismissed as habeas relief is "not an appropriate or available federal remedy as Yaromich is not challenging the legality of his incarceration or the length of his incarceration." *Leamer v. Fauver*, 288 F3d 532, 540 (3d Cir. 2002). In his objections to the report and recommendation, Yaromich argues that he is not challenging the restitution payment schedule but the execution of his judgment order as it pertained to the restitution portion of that order. Yaromich cites to *Pinet v. Grondolsky*, 345 Fed. Appx. 805, 806 (3d Cir. 2009), in support of his position. That court noted "because Pinet challenges the execution of his sentence by claiming that the Bureau of Prisons acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition." *Id.* (citing *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001)).

Even if Yaromich's claim is a challenge to the execution of his sentence and therefore a valid use of § 2241, the issue is still moot. The Bureau of Prisons is no longer using the IFRP to take money from his account to pay his restitution obligation. Title 28 U.S.C. 2241, however, is not an appropriate cause of action in which to seek reimbursement from the Bureau of Prisons for past payments from the IFRP account.

It is noted by this court that the judgment of conviction still requires Yaromich to make restitution payments; however, these payments are to be made "payable to the Clerk, U.S. District Court [N.D. Ohio] . . . as directed by the U.S. Probation Office." (Doc. 6-1 at p. 10.) Furthermore, the Bureau of Prisons no longer has the funds withdrawn from Yaromich's IFRP account as they were paid to the Clerk of Court for the Northern District of Ohio. (Doc. 6-1 at p. 4, ¶ 7.)

The court will adopt the recommendation of Magistrate Judge Blewitt. An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                   United States District Judge

Dated:  May 9, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER YAROMICH,** | : | **CIVIL NO. 1:12-CV-2134** |
| **Petitioner** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| **H.L. HUFFORD,** *et al.***,** | : | |
| **Respondents** | : | |

**O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

      1) The court adopts the recommendation of Magistrate Judge Blewitt (Doc. 8).

      2) The captioned action is **DISMISSED AS MOOT**.

      3) The Clerk of Court shall close the file.

                                    s/Sylvia H. Rambo
                                      United States District Judge

Dated: May 9, 2013.